ORIGINAL

# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUN 12 2013

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

SECURITIES AND EXCHANGE
COMMISSION,

    Applicant,

v.

BRIDGE SECURITIES, LLC,
BRIDGE EQUITY, LLC, BRIDGE
EQUITY, INC. and FOGFUELS,
INC.,

    Respondents.

Civil Action No.

1:13-cv-_____-___

1813-MI 0076

## APPLICATION OF THE U.S. SECURITIES AND EXCHANGE COMMISSION FOR AN ORDER TO SHOW CAUSE AND FOR AN ORDER REQUIRING RESPONDENTS TO COMPLY WITH ADMINISTRATIVE SUBPOENAS

Now comes the U. S. Securities and Exchange Commission (the "Commission"), by its attorney, Edward G. Sullivan, and for its application, shows the following:

1. Respondents Bridge Securities, LLC; Bridge Equity, LLC; Bridge Equity, Inc. and FOGFuels, Inc. (collectively, "Respondents") have failed to comply with validly issued and served subpoenas for documents in an ongoing

investigation of the Commission into violations of the federal securities laws including, but not limited to, possible ongoing offering frauds involving the unregistered securities of (1) Bridge Equity, LLC ("Bridge Equity"), a Georgia limited liability company that its principal Paul James Marshall ("Marshall") owns and purportedly operates as a private equity fund, and (2) FOGFuels, Inc. ("FOGFuels"), a Georgia corporation purportedly involved in biofuel development for which Marshall serves as Managing Director.  Beginning in at least 2010 (when Marshall, prior to his FINRA suspension, worked as a registered representative and an investment adviser representative at American Wealth Management, Inc., a dually registered broker-dealer and investment adviser), Marshall may have begun offering and selling interests in Bridge Equity to some of his customers and/or advisory clients.  Marshall may now be offering and selling interests in both Bridge Equity and FOGFuels to advisory clients of Bridge.  Bridge Securities, LLC is a state-registered investment adviser based in Atlanta, Georgia and Marshall is the firm's owner and associated investment adviser representative.

2. The Commission is investigating whether the Respondents and various individuals and entities with whom the Respondents are affiliated had any involvement in the possible fraudulent activity under investigation.

3. The Commission hereby applies to this Court for an Order requiring the Respondents to show cause why they should not be ordered to provide certain documents pursuant to subpoenas properly issued by the Commission and served upon them in connection with an ongoing Commission law enforcement investigation. The Commission further requests that the Court thereafter enter an Order requiring the Respondents to obey the subpoenas.

4. Jurisdiction is conferred upon this Court, and venue properly lies within the Northern District of Georgia, pursuant to § 21(c) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u(c), which provides that "In case of contumacy by, or refusal to obey a subpoena issued to, any person, the Commission may invoke the aid of any court of the United States within which the jurisdiction of which such investigation or proceeding is carried on . . . in requiring the attendance and testimony of witnesses and the production of books, papers, correspondence, memoranda, and other records. . . ."

5. In support of this Application, the Commission submits the accompanying declaration of Staff Attorney Melissa Mitchell ("Mitchell Decl."), the exhibits thereto, and a Memorandum in Support of its Application for an Order to Show Cause and for an Order Requiring Respondents to Comply with Administrative Subpoenas.

6. On March 14, 2013, pursuant to Section 20(a) of the Securities Act, 15 U.S.C. § 77t(a), and Section 21(a) of the Exchange Act, 15 U.S.C. § 78u(a), the Commission issued an Order Directing Private Investigation and Designating Officers to Take Testimony in *In the Matter of Bridge Securities, LLC* (the "Formal Order"). The Formal Order designated Staff Attorney Melissa Mitchell, among other Commission staff members, as an officer of the Commission for purposes of the *In the Matter of Bridge Securities, LLC* investigation, and empowered each person so designated to subpoena witnesses and to require the production of any evidence deemed relevant or material to the inquiry.

7. On March 21, 2013, Ms. Mitchell, acting on behalf of the Commission pursuant to the Formal Order, caused the service of separate subpoenas on each of the four Respondents. The subpoenas required the Respondents to produce documents to the Commission's Atlanta Regional Office by April 2, 2013. The four entities completely failed to comply with the SEC's subpoenas. Ms. Mitchell subsequently reissued subpoenas to the four entities on May 13, 2013. The reissued subpoenas required the Respondents to produce documents pursuant to those subpoenas by May 22, 2013. The Respondents again failed to respond.

The four above-named entities have wholesale failed to comply with the Commission's subpoenas. On the first issuance, the subpoenas were delivered via

UPS, and signed for, on March 22, 2013. The return date on the subpoenas was April 2, 2013. The staff was not contacted by any of the subpoena recipients, nor did the Commission receive any documents in response to the subpoenas. On April 4, 2013, the Commission staff telephoned the contact number listed on the Bridge Securities website. The voicemail for the phone number was "disabled." Also on April 4, the staff telephoned the contact number listed for FOGFuels. After attempting to reach Paul Marshall at his extension and finding his voicemail was full, the staff spoke to, and left a message with, the "assistant." The staff's call was not returned. On April 10, 2013, the staff again telephoned FOGFuels. The "assistant" transferred the call to Marshall, but his voicemail picked up, and was still full. The staff immediately called back to FOGFuels, but the call was not answered. On April 11, the staff telephoned both Bridge Securities and FOGFuels, but was unable to make contact with anyone there, and was unable to leave a voicemail. None of the April 10 or 11 calls have been returned.

On May 13, 2013, the Commission staff re-issued the subpoenas to the four entities, with a return date of May 22, 2013. On May 14, 2013, a process server served all four subpoenas on Marshall personally, at his residence. When Marshall came to the door, he told the process server that he was not Marshall. The process server, however, positively identified Marshall to a photograph taken from

FOGFuels' website. Marshall threatened to call the police, and the process server left the subpoenas on Marshall's doorstep. The Commission staff has not been contacted regarding any of the re-issued subpoenas, nor did it receive any documents in response to the re-issued subpoenas.

8. Respondents have completely ignored and been non-responsive to the issuance of the subpoenas to the four entities, which the Commission deems necessary for its investigation. The subpoenaed items in contention are set forth with specificity in Ms. Mitchell's declaration.

9. The documents sought by the Commission are relevant to matters under investigation and may provide evidence as to whether Respondents and/or others violated the federal securities laws. The documents sought by the Commission are therefore relevant and important to the Commission's investigation and their obtainment by subpoena is authorized by the Formal Order.

WHEREFORE, the Commission respectfully requests:

I.

1. That the Court enter an Order to Show Cause, directing the Respondents to show cause why this Court should not enter an Order requiring them to produce the documents set forth in Exhibits A and B to the Mitchell Declaration attached to the Memorandum in Support of Application

of the U.S. Securities and Exchange Commission for an Order to Show Cause and for an Order Requring Respondents to Comply with Administrative Subpoenas, in compliance with the subpoenas issued to Respondents; and

II.

That the Court order such other and further relief as may be necessary and appropriate to achieve compliance with the subpoenas.

This 12th day of June, 2013.

Respectfully submitted,

*/s/ Edward G. Sullivan*
Edward G. Sullivan
Senior Trial Counsel
Georgia Bar No. 691140

Securities and Exchange Commission
950 East Paces Ferry Road, N.E., Suite 900
Atlanta, GA 30326-1232
(404) 842-7612